Receipt 150017704
(6)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN

Case: 1:25-cv-13417
Assigned To : Ludington, Thomas L.
Referral Judge: Morris, Patricia T.
Assign. Date : 10/27/2025
Description: REM Bush v. Michigan Institute of Forensic Science & Medicine, PC, et al (jo)

**RUSSELL L. BUSH, M.D., MPH,**   Plaintiff,

v.

**MICHIGAN INSTITUTE OF FORENSIC SCIENCE & MEDICINE, P.C.,**
and **DAVID STOCKMAN, M.D.,**   Defendants.

Case No. _____
[Removed from Saginaw County Circuit Court Case No. 21-046093-CB-3]

**NOTICE OF REMOVAL OF STATE-COURT PROCEEDINGS TO ENTER/ENFORCE ARBITRATION AWARD**

*(28 U.S.C. §§ 1331, 1441, 1443, and 1446)*

Defendant / Counter-Plaintiff **DAVID STOCKMAN, M.D.** ("Stockman"), appearing pro se, removes to this Honorable Court the pending proceedings in *Bush v. Michigan Institute of Forensic Science & Medicine, P.C., et al.*, Case No. 21-046093-CB-3 (Saginaw County Circuit Court), and states:

**I. INTRODUCTION: THE STATE ENFORCEMENT PROCEEDING CREATES A NEW FEDERAL CONTROVERSY**

1. On **October 14, 2025**, Plaintiff **Russell L. Bush, M.D., MPH**—the **duly appointed Chief Medical Examiner of Saginaw County**—filed a **Re-Notice of Hearing to Enter Judgment**, asking the state court to convert an arbitration award into a state-court judgment.
   A copy of the filing is attached as **Exhibit A.**

2. That award imposes defamation liability for speech about a **government officer's official conduct**, yet it contains **no finding of actual malice**—the constitutional prerequisite under *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).

3. By seeking state-court enforcement of this unconstitutional award, Plaintiff has triggered **a new and substantial federal question**:
   whether a state officer may, consistent with the First and Fourteenth Amendments, use state judicial machinery to impose liability for speech about the performance of governmental duties.

4. This question did not exist when either prior federal remand was entered.
The **October 14, 2025 filing** is an "other paper" under **28 U.S.C. § 1446(b)(3)** that opens a new 30-day removal window.

## II. GROUNDS FOR REMOVAL

### A. Federal-Question Jurisdiction (28 U.S.C. §§ 1331, 1441(a))

5.
Under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), federal jurisdiction exists where a state proceeding "necessarily raises a stated federal issue, actually disputed and substantial."

6. The state court cannot enforce this award without deciding a disputed federal constitutional question:
   *May a public official recover damages for criticism of official conduct absent proof of actual malice?*

7. That question—central to *Sullivan* and *Rosenblatt v. Baer*, 383 U.S. 75 (1966)—is outcome-determinative and confers jurisdiction under § 1331.

### B. Civil-Rights Removal (28 U.S.C. § 1443(1))

8. Section 1443(1) allows removal where a defendant cannot enforce federal civil rights in a state proceeding.
   Here, a **state officer** is employing state process to punish protected speech about official acts, thereby denying rights guaranteed by the **First and Fourteenth Amendments**.

9. Because those rights cannot be vindicated once judgment is entered, federal removal under § 1443(1) is both appropriate and necessary.

### C. Supremacy Clause Conflict

10. The Supremacy Clause, U.S. Const. art. VI cl. 2, forbids state courts from enforcing judgments that contradict federal constitutional law.
    Enforcement of this award would violate controlling precedent and therefore presents a live conflict under the Constitution itself.

### III. PRIOR FEDERAL REMANDS AND WHY THEY DO NOT CONTROL

Dr. Stockman acknowledges two prior remand orders—by **Judge Ludington (Bay City)** and **Judge Drain (Detroit)**—but both addressed different records and distinct legal grounds.

**A. Judge Ludington's August 5, 2025 Remand (Case No. 1:25-cv-11865)**

11.   Judge Ludington's order remanded a **June 2025 removal** based on the **Federal Arbitration Act (FAA)** and alleged defects in the arbitration procedure.
   At that time, there was **no enforcement motion** and **no federal constitutional question** on the face of the pleadings.

12.   The court held that the **FAA creates no independent jurisdiction** and that the underlying state-law counter-complaint alleged only state torts.
   Because defendants relied solely on **federal defenses**, the case was remanded under the **well-pleaded complaint rule**.

13.   This removal presents an entirely **different record**:
   • A new "other paper" (the October 14 Re-Notice of Hearing) that did not exist in August.
   • A new procedural phase (state-court **presentment for judgment**, not arbitration).
   • A new issue (whether enforcement of a speech-based award violates the **First Amendment**, not whether arbitration was defective).

14.   Under **§ 1446(b)(3)**, each new paper that renders a case removable triggers a **fresh 30-day window**.
   Federal law permits successive removals when later events change jurisdictional facts.
   *See One Sylvan Rd. N. Assocs. v. Lark Int'l Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995) ("A second removal is permitted when subsequent pleadings or events reveal a new and different ground for removal.").

15.   Judge Ludington's reasoning—focused on the lack of a federal issue *on the face of the complaint*—no longer applies because the **operative claim** now arises directly under the **First Amendment**.

**B. Judge Drain's September 30, 2025 Remand (Case No. 2:25-cv-12659)**

16.   Judge Drain's decision addressed a later Detroit-division removal invoking both the **FAA** and alleged constitutional defects in the arbitration itself.
   Like Judge Ludington, he emphasized that the **operative pleading** presented no federal claim and concluded that removal could not rest on a **federal defense**.

17. That case, too, predated any **motion to enter judgment**.
It addressed the *arbitration process*, not **state enforcement** of the award.

18. This Notice concerns a different proceeding: an active state effort to **convert an unconstitutional award into a court judgment**.
The constitutional question is no longer defensive; it defines whether state enforcement can occur at all.

19. Thus, the grounds for this removal—First-Amendment enforcement conflict, civil-rights deprivation, and Supremacy-Clause pre-emption—are **new in fact, new in law, and new in timing**.

**C. No Bar Under § 1447(d)**

20. Under **28 U.S.C. § 1447(d)**, remand orders are unreviewable **only as to the same removal.**
That statute does not preclude later removals based on new events.
Because this removal arises from a separate enforcement phase, § 1447(d) poses no jurisdictional barrier.

**D. Why the Earlier Concerns Are No Longer Valid**

21. Both judges' concerns centered on two premises: (1) that federal law appeared only as a **defense**, and (2) that the **FAA** supplied no jurisdiction.
Those premises no longer hold.
The present proceeding is initiated by a **state officer** seeking to enforce an award that contradicts federal constitutional law; the **First Amendment** issue is now at the case's core.

22. Accordingly, neither prior remand controls this distinct controversy.
The doctrines they applied are satisfied by new facts, new filings, and new law arising after both orders.

**IV. TIMELINESS AND VENUE**

23. This Notice is filed **within thirty (30) days** of the October 14 Re-Notice of Hearing—the paper making the case first removable.
Removal is therefore **timely** under § 1446(b)(3).

24. Venue lies in the **Eastern District of Michigan, Northern Division (Bay City)** under § 1441(a), because Saginaw County is within this division.

## V. RELIEF REQUESTED

Dr. Stockman respectfully requests that this Court:

1. **Assume jurisdiction** over these proceedings;
2. **Stay** any state-court action to enter or enforce the arbitration award;
3. **Declare** that entering or enforcing the award would violate the **First and Fourteenth Amendments**;
4. Hold that the award is **unenforceable** under the **Supremacy Clause**; and
5. Grant all further relief necessary to protect federal constitutional rights and prevent irreparable First-Amendment harm.

**Respectfully submitted,**
Date: **October 27, 2025**

/s/ **David Stockman, M.D.**
3871 Fortune Boulevard
Saginaw, Michigan 48603
(989) 341-3017
DStockma4@icloud.com
**Defendant / Counter-Plaintiff, Pro Se**

**Certificate of Service**
I certify that on **October 27, 2025**, I served this **Notice of Removal** on all counsel of record and filed a copy with the Clerk of the Saginaw County Circuit Court pursuant to **28 U.S.C. § 1446(d).**

/s/ **David Stockman, M.D.**

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RUSSELL BUSH

**(b)** County of Residence of First Listed Plaintiff: **LAPEER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
DAVID STOCKMAN
MICHIGAN INSTITUTE OF FORENSIC SCIENCE & MEDICINE

County of Residence of First Listed Defendant: **SAGINAW**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF

Case: 1:25-cv-13417
Assigned To: Ludington, Thomas L.
Referral Judge: Morris, Patricia T.
Assign. Date: 10/27/2025
Description: REM Bush v. Michigan Institute of Forensic Science & Medicine, PC, et al (jo)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
First Amendment, 28 U.S.C. §§ 1331, 1441, 1442, 1443.

Brief description of cause:
Removal of state-court proceedings to confirm arbitration award raising First Amendment and civil-rights issues."

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Declaratory and Constitutional Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Removed from Saginaw County Circuit Court, Case No. 21-046093-CB-3.
DOCKET NUMBER: 1:25-cv-11865 (Ludington, Bay City) – prior FAA-based removal
2:25-cv-12659 (Drain, Detroit) – prior arbitration-removal order

DATE: 10/27/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

Print     Save As     Reset