UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL BUSH,

       Plaintiff,

                       Case No. 25-13417
                   U.S. DISTRICT COURT JUDGE
                     GERSHWIN A. DRAIN

v.

DAVID STOCKMAN, *et al.*,

       Defendants.

_____/

**OPINION AND ORDER GRANTING RUSSELL BUSH'S MOTION TO REMAND [#4]; DENYING AS MOOT DAVID STOCKMAN'S MOTION TO REASSIGN CASE TO JUDGE GERSHWIN A. DRAIN [#5]; DENYING AS MOOT RUSSELL BUSH'S MOTION TO SET HEARING DATE FOR ORAL ARGUMENTS ON MOTION TO REMAND [#9]; AND ENJOINING DAVID STOCKMAN FROM COMMENCING ANY ACTION IN THIS COURT WITHOUT FIRST OBTAINING LEAVE OF COURT**

## I.    <u>INTRODUCTION</u>

This is David Stockman's third improper removal of this case from state court to federal court. Presently before the Court is Russell Bush's motion to remand this case back to the Saginaw County Circuit Court. Upon review of Bush's motion, the Court concludes that oral argument will not aid in the disposition of the matter, and

thus it will be resolved on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Bush's motion to remand [#4] is GRANTED, and all remaining motions in this case [#5, #9] are DENIED AS MOOT.

## II.   **BACKGROUND**

In December 2021, Stockman and his company, Michigan Institute of Forensic Science & Medicine, P.C. ("MIFSM"), brought suit against Bush in Saginaw County Circuit Court alleging four state law claims: tortious interference with contractual relationship, breach of fiduciary duties, usurpation of corporate opportunities, and unjust enrichment. Bush filed a counter-complaint against Stockman and MIFSM asserting ten state law claims, including breach of contract, defamation, intentional infliction of emotional distress, and tortious interference with a contract and business relationship.

Stockman's and MIFSM's claims were ultimately dismissed by the state court, leaving only Bush's counter-complaint at issue in the case. The parties agreed to arbitrate Bush's remaining state law claims, resulting in a $551,800.00 award in favor of Bush. Bush attempted to enforce this award in state court. Shortly thereafter, on June 20, 2025, Stockman removed the state court case to federal court, alleging that the arbitration proceedings were defective and challenging the award under the Federal Arbitration Act. On August 5, 2025, Judge Ludington remanded the case to state court, finding that this Court lacked subject matter jurisdiction over the state

court litigation. *See Stockman I*, No. 25-cv-11865 (ECF No. 4-1).

Stockman removed the case to federal court for a second time on August 22, 2025, this time asserting that this Court has federal question jurisdiction because Bush's "operative counter-complaint asserts claims, including defamation, that necessarily require resolution of a substantial federal issue under the First Amendment to the United States Constitution." *Stockman II*, No. 25-12659 (ECF No. 1, PageID.1). On September 30, 2025, the Court again remanded the action to state court, finding that Stockman, as the original plaintiff in the state court action, lacked authority to remove the action under 28 U.S.C. § 1441(a). The Court also found, yet again, that it lacks federal question jurisdiction over the state court action.

Stockman removed the state court case to federal court for a third time on October 27, 2025. He claims removal is appropriate because, on October 14, 2025, Bush filed a "Re-Notice of Hearing to Enter Judgment, asking the state court to convert an arbitration award into a state-court judgment." ECF No. 1, PageID.1. In so doing, Stockman asserts, "Plaintiff has triggered a new and substantial federal question: whether a state officer may, consistent with the First and Fourteenth Amendments, use state judicial machinery to impose liability for speech about the performance of governmental duties." *Id.* Stockman argues that Bush's filing of the "re-notice" qualifies as an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) that reopens the 30-day removal period set forth in the statute.

Bush has moved to remand this action back to state court. Plaintiff has not responded to the motion.

## I.  LAW AND ANALYSIS

Once again, the Court finds that Stockman improperly removed this case to federal court. First, as this Court previously found, Stockman lacks authority to remove the case, as 28 U.S.C. § 1441(a) permits removal of a state court action only by "the defendant or the defendants." *See* 28 U.S.C. § 1441(a). The Supreme Court has recognized that "third-party counterclaim defendants are not 'the defendant or the defendants' who can remove under § 1441(a)." *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 443 (2019). Here, Stockman is the original plaintiff in the underlying state court action. Therefore, even though Bush has asserted a counter-complaint against Stockman, Stockman is not a "defendant" within the meaning of § 1441(a) and thus lacks the authority to remove the state court action to federal court.

Second, as this Court previously found, the Court lacks subject matter jurisdiction over the underlying state court litigation. Stockman asserts that the Court has federal question jurisdiction over the state court action. Under the well-pleaded complaint rule, federal question jurisdiction is recognized "only when a federal question is presented on the face of the *plaintiff*'s properly pleaded complaint." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (1987)

(emphasis in original) (citation omitted). Thus, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for" federal question jurisdiction. *Id.* Accordingly, the operative complaint for removal purposes is the original complaint filed by Stockman and MIFSM in December 2021, which raised four state law claims that provide no basis for federal question subject matter jurisdiction. For these reasons, the Court finds that Stockman improperly removed this state court action to federal court.

Bush seeks costs and attorney's fees for Stockman's improper removal pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As the Supreme Court has recognized, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). Accordingly, "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on" the other parties to the lawsuit. *Id.* "In general, objectively unreasonable removals should result in fee awards[.]" *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008). "District courts should consider, however, whether 'unusual circumstances warrant a departure from [this default] rule in a given case.' " *Id.* (quoting *Martin*,

5

546 U.S. at 126).

Here, the Court finds that Stockman lacked an objectively reasonable basis to remove the state court action to federal court. The Court further finds that there are no unusual circumstances warranting a departure from the general rule of awarding attorney's fees and costs in such circumstances. Accordingly, an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is warranted. Bush shall file a Petition for Attorney's Fees and Costs with supporting documentation by June 30, 2026. Stockman may file a response no later than July 14, 2026. Bush may file a reply by July 21, 2026.

Finally, the Court finds it necessary to impose prefiling restrictions on Stockman. As noted, this is Stockman's third improper attempt to remove this state court action to federal court. Moreover, this is not the only state court action he has improperly removed to this Court. *See, e.g.*, *GOF Finance-C, LLC v. Becker-Pressente, LLC*, No. 1:25-cv-13749 (E.D. Mich.); *Lab'y Corp. of Am., Inc. v. Mich. Health Clinics, PC*, No. 1:26-cv-11208 (E.D. Mich.); *Sensus Healthcare, Inc. v. Mich. Health Clinics, P.C.*, No. 1:25-cv-13515 (E.D. Mich.); *Neogenomics Labs., Inc. v. Stockman*, No. 4:25-cv-14038 (E.D. Mich.). Each of Stockman's removal attempts lacked an objectively reasonable basis for removal, and the Court has repeatedly and unequivocally explained in its orders remanding the cases to state court why his removal attempts are improper. Despite those rulings, Stockman

continues to engage in a pattern of removing state court actions to federal court, raising many of the same arguments this Court has already rejected. His repeated and meritless removal attempts have burdened the Court's docket, consumed scarce judicial resources, imposed unnecessary costs on opposing parties, and delayed resolution of the state court proceedings.

Following Stockman's second improper attempt to remove this case to federal court, the Court expressly warned Stockman that any further efforts to improperly remove this case to federal court would result in the Court declaring him to be a harassing and vexatious litigant subject to significant prefiling restrictions and monetary penalties. Nevertheless, Stockman filed yet another meritless notice of removal, demonstrating that the Court's prior rulings and warnings have been ineffective in deterring his vexatious conduct.

Accordingly, the Court finds it necessary to declare Stockman a vexatious litigant. Stockman is therefore enjoined from commencing any new action in this Court, including by filing a notice of removal, without first obtaining leave of court. To obtain leave of court, Stockman must file a motion captioned "Motion Pursuant to Court Order Seeking Leave to File" that explains the legal and factual basis for the proposed filing, and that the filing is made in good faith, is not frivolous or duplicative, and is not barred by any prior order of this Court. Stockman must attach to the motion (1) the proposed filing, and (2) a copy of this order. Failure to comply

with these requirements may constitute sufficient grounds to deny leave. Moreover, compliance with these requirements does not, by itself, constitute grounds for granting leave.

## II.    CONCLUSION

Based on the foregoing, Bush's motion to remand [#4] is GRANTED, and all remaining motions in this case [#5, #9] are DENIED AS MOOT.

Stockman is ENJOINED from initiating any new actions in this Court, including by filing a notice of removal, without first obtaining leave of court as set forth above.

This action is REMANDED to the Saginaw County Circuit Court.

SO ORDERED.

Dated: June 17, 2026                                             /s/Gershwin A. Drain
                                                                GERSHWIN A. DRAIN
                                                                United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 17, 2026, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager